## Judges, Officers, Proceedings, Sessions and Opinions

## COURT OF APPEALS of U. S.

### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the Sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

## OPINIONS

### No. 745

PENNSYLVANIA R. CO. v. SCHAFER

U. S. Appeals, Sixth Cir., Cincinnati
No. 3911. June 5, 1923

322. EVIDENCE.

Incompetent but not prejudicial, when fact stated by witness not prejudicial—As to conditions of railway track as to light, six months after injury—Effect of company's rule requiring employees to examine cars and appliances before using; reasonably.

DONAHUE, J.

Epitomized Opinion

Schafer, a brakeman on defendant's train, was injured by falling from the end of a freight car when the rim of the brake wheel to which he was holding broke. From a verdict and judgment for Schafer in the District Court defendant prosecuted error to this court. Held:

1. Admission of the testimony of a witness that Schafer when laying on the track just after the accident said: "The brake broke with me," even if incompetent was not prejudicial for the fact stated was not denied by defendant.

2. Admission of evidence as to the light conditions along the track at the time of trial, six months after the accident, was not error because it was offered by plaintiff in rebuttal of a plat introduced by defendant to show the location of lights at that time.

3. A rule of defendant requiring employees to examine the condition of all cars and appliances before using them, requires only such examination as can reasonably be made. There was no evidence here by defendant to show that Schafer had an opportunity to make an examination of the brake wheel, and negligently failed to do it. Affirmed.

Attorneys—U. C. DeFord, for Railway Co.; Fred J. Heim, for Schafer.

---

### No. 746

AM. FOUNDRY EQUIP. CO. v. WADSWORTH

U. S. Appeals, Sixth Cir., Cincinnati
No. 3888. June 7, 1923

323. RES ADJUDICATA.

Interlocutory decree by a court of another state, between same parties and on same question, not a final decree.

Knappen, Denison and Donahue, Circuit Judges.

PER CURIAM.

Epitomized Opinion

Suit for infringement of patent. Plaintiff filed a supplemental bill setting up an interlocutory decree by a Wisconsin court in a suit between the same parties on the same question, which interlocutory decree found the patent valid and that it had been infringed by defendant and ordered an accounting. Plaintiff contended that that decree was an adjudication of the question in this case. The trial court dismissed the supplemental bill. Plaintiff appealed to this court. Held:

The decree by the Wisconsin court is not a final decree, being interlocutory, and may be changed by the court before the final determination subsequent to the accounting, and is therefore not res adjudicata as between the parties in this suit. Order affirmed.

Attorneys—Jesse B. Fay and Horace B. Fay, for appellant; A. Miller Belfield and Hull, Brock & West, for appellee.

---

## DISTRICT COURTS of U. S.

The State of Ohio, with reference to these courts, constitutes two judicial districts, known as the Northern District of Ohio, and the Southern District of Ohio.

These two districts have two divisions each, known and comprised by counties, as follows:

NORTHERN DISTRICT:

### Cleveland, Youngstown, Toledo

Eastern Division—Ashland, Ashtabula, Carroll, Columbiana, Crawford, Cuyahoga, Geauga, Holmes, Lake, Lorain, Mahoning, Medina, Portage, Richland, Stark, Summit, Trumbull, Tuscarawas and Wayne.

Western Division—Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca, Van Wert, Williams, Wood and Wyandot.

SOUTHERN DISTRICT:

### Cincinnati, Dayton, Columbus

Eastern Division — Athens, Belmont, Coshocton, Delaware, Fairfield, Fayette, Franklin, Gallia, Guernsey, Harrison, Hancock, Jackson, Jefferson, Knox, Licking, Logan, Madison, Meigs, Monroe, Morgan, Morrow, Muskingum, Noble, Perry, Pickaway, Pike, Ross, Union, Vinton and Washington.

Western Division—Adams, Brown, Butler, Champaign, Clark, Clermont, Clinton, Darke, Green, Hamilton, Highland, Lawrence, Miami, Montgomery, Preble, Scioto, Shelby and Warren.

No New Opinions For This Week